The Atlanta National Bank *vs*. Fletcher *et al*.

---

THE ATLANTA NATIONAL BANK *vs*. FLETCHER *et al*.

An injunction does not issue as a matter of course, but as a matter of necessity, either to restrain a meditated wrong, or in a case where no adequate compensation in damages can be obtained. Where a bill was filed by one creditor of a common debtor, to enjoin other creditors from proceeding to foreclose a mortgage on personalty, and from proceeding to collect a debt secured by a conveyance of realty with bond to reconvey, and there was no allegation of insolvency on the part of the creditors thus sought to be enjoined, there was no error in refusing to grant an injunction.

March 2, 1888.

Debtor and creditor. Injunction. Insolvency. Before Judge BROWN. Cobb superior court. November term, 1887.

The bill filed by plaintiff was a creditors' bill, filed for the benefit of it and such other · creditors of Fletcher & Co. as might be made parties complainant. The indebtedness which it alleged to be due it by Fletcher & Co. was upon open account. It made divers allegations of fraud against Burnap, the Merchants' Bank and other defendants, and of conspiracies between the defendants to defeat the claims of the general creditors of Fletcher & Co. These charges were denied by the answers filed in the case.

ABBOTT & SMITH and PHILLIPS & FOSTER, for plaintiff.

G. A. HOWELL and CLAY & BLAIR, for defendants.

BLANDFORD, Justice.

The plaintiff in error filed its bill against A. A. Fletcher and C. R. Boyd, individually and as partners under the name of A. A. Fletcher & Co., and against G. C. Burnap, the Merchants' Bank and others, praying an injunction to restrain Burnap from proceeding to foreclose a mortgage upon certain personal property, which he held against A. A. Fletcher, and to restrain the Merchants' Bank from proceeding to collect a debt which Fletcher owed it, and for which the bank was secured by a deed of conveyance from Fletcher & Co. to certain real property, the bank having given Fletcher & Co. a bond for titles back.

In this case there does not appear from the record to be any necessity for an injunction. There is no allegation as to the insolvency of the bank or as to the insolvency of Burnap. For aught that appears, the plaintiff in error is in as good condition without the injunction as it would be with it. An injunction does not issue as a matter of course, but as a matter of necessity, either to restrain a meditated wrong or in a case where no adequate compensation in damages could be obtained. So we think that the court was right in refusing to grant the injunction.

Judgment affirmed.